(No. 32318.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TALBOT JENNINGS *et al.*, Plaintiffs in Error.

*Opinion filed January 25, 1952.*

Per Curiam: Each of petitioners, Talbot Jennings, Arthur La Frana and Julius Bernard Sherman, is in the Illinois State Penitentiary for a felony. Each of them filed a petition under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832,) asserting that his conviction was in violation of the fourteenth amendment to the constitution of the United States and of the due process clause of the constitution of Illinois. (Const. of 1870, art. II, sec. 2.) In each case the State's Attorney of Cook County filed a motion to dismiss the petition on the ground that the petitioner's claims were foreclosed by the doctrine of *res judicata* and that the petition failed to state a cause of action. In each case the criminal court of Cook County sustained the motion and dismissed the petition.

In each case the petitioner sought this court's writ of error under section 7 of the act. (Ill. Rev. Stat. 1951, chap. 38, par. 832.) In each case this court denied writ of error. In each the United States Supreme Court granted *certiorari.*

The United States Supreme Court disposed of these three cases in a consolidated opinion, vacated this court's orders denying writs of error and remanded the causes to this court "for further proceedings." *Jennings* v. *Illinois*, 341 U.S. 947, 96 L. ed. 105, 72 S. Ct. 123.

This opinion and the judgments which it directs are rendered pursuant to the opinion and judgments of the United States Supreme Court.

"Petitioners' factual allegations," said the United States Supreme Court, "need not be described, except to note petitioners' specific claims that confessions were wrung from them by force and violence." We add that petitioners also contend that they were convicted on perjured testimony, knowingly suborned by public officers. In each case petitioner had an opportunity in the proceedings culminating in his conviction to make his claim that his confession was unconstitutionally coerced and unconstitutionally utilized in prosecuting him. But in each case, the petitioner sued as a poor person and the Supreme Court deemed it reasonable to infer that he was disabled by indigence from paying for such a bill of exceptions as would preserve and present his claim for review on this court's writ of error and on application for *certiorari* from the United States Supreme Court.

Each petition, then, as read by the United States Supreme Court, presents a charge, undenied by the State's motion, and therefore confessed for the purpose of determining the legal question, that petitioner was convicted upon an unconstitutionally coerced confession and officially suborned perjury, had an opportunity to claim his constitutional rights at the time of the proceedings culminating in his conviction, may or may not have waived those rights, but had no opportunity effectively to bring his case here or to the United States Supreme Court for direct review because he was unable to afford a transcript including a bill of exceptions.

Thus conceiving the facts as alleged in each case, the United States Supreme Court declared that petitioners are now entitled to a determination as to (1) whether they were convicted upon unconstitutionally extorted confessions and, (2) if so, whether the point was waived by failure to assert it.

In obedience to this holding, we have redocketed the causes and granted a writ of error in each case. Further briefs and arguments being unnecessary in the light of the opinion of the United States Supreme Court, we reverse the judgment of the criminal court in each case and remand with directions for further proceedings in accordance with the opinion of the United States Supreme Court and this opinion.

Since this opinion must guide the trial court in these cases and all Illinois trial courts in similar cases, we set forth our understanding of the command of the United States Supreme Court at some length.

The United States Supreme Court said in remanding the instant cases: "If their [petitioners'] allegations are true and if their claims have not been waived at or after trial, petitioners are held in custody in violation of Federal constitutional rights. Petitioners are entitled to their day in court for resolution of those issues." We hold that the Illinois Post-Conviction Hearing Act, held constitutional in *People* v. *Dale,* 406 Ill. 238, affords an appropriate remedy for the assertion of petitioners' claims and that their respective petitions substantially comply with and therefore properly invoke that act.

The United States Supreme Court explicitly rejects the contention that petitioners' claims can, on the face of their petitions and without further inquiry into the correctness of the rulings made at their trial, be held to be barred by *res judicata.* Such an objection to these petitions is therefore not available and may not be entertained upon the hearing to which it is held the petitioners are entitled.

We do not read the opinion of the Supreme Court as meaning that former adjudication of constitutional claims must be entirely disregarded. Where it appears that a petitioner's claims were fairly asserted and litigated and the issues of fact have been resolved against petitioner by the judge or jury that heard the witnesses, due weight should be accorded that determination. But it is clear that *res judicata* cannot be mechanically applied to foreclose an inquiry which probes beneath the mere fact of adjudication to determine whether or not, in the process of adjudication, there has been any infringement of the constitutional rights of the petitioner. Such an inquiry must be made even though it involves a collateral attack upon a judgment which the court had jurisdiction and authority to enter. Of course, as held in *People* v. *Dale,* 406 Ill. 238, constitutional issues which have been determined on the merits by this court are not available upon a post-conviction hearing.

It appears from the opinion of the United States Supreme Court that claims of constitutional rights may be waived by petitioners if they had, but did not avail themselves of, a fair opportunity to assert them. That court says in its opinion in the instant case: "Where, as here, a Federal claim can be raised at the trial, it may be forfeited by failure to make a timely assertion of the claim." It nevertheless adds the observation that "petitioners could utilize the writ of error procedure only by purchasing a transcript within the limited period following conviction" and, taking cognizance of petitioners' paupers' oaths, recognizes the fact that petitioners could not effectively present their contentions to this court on writ of error or to the United States Supreme Court by way of *certiorari.* It was therefore unable in the present cases to determine whether the petitioners' claims were waived in the trial court or raised and, if raised, whether those claims were fairly decided.

The following principles, then, will guide the trial courts in conducting these and other proceedings under the Post-Conviction Hearing Act:

The Illinois Post-Conviction Hearing Act was intended to, and we hold that it does, provide a remedy for any person who is imprisoned in the penitentiary in violation of his constitutional rights. That act, however, is limited to constitutional claims and does not afford a procedure by which a redetermination of guilt or innocence may be had.

To that end, it requires that when a petition is filed invoking the act, the trial court shall examine the petition with a view to determining whether the allegations of fact, liberally construed in favor of the petitioner, and taken as true, make a showing of imprisonment in violation of the Federal or State constitution, such as, for example, conviction upon a coerced confession, conviction by the use of testimony known by prosecuting officers to be perjured, coercion of a plea of guilty, or that the accused was prevented by public officials from summoning witnesses in his defense.

If the petition so charges, the trial court should ascertain whether it is supported by accompanying affidavits and if not, whether the absence of such affidavits is sufficiently explained and excused by the petitioner's own sworn statements. Where there are no supporting affidavits and their absence is neither explained nor excused, the trial court should either dismiss the petition or grant a further time within which such affidavits may be obtained.

A petition meeting these requirements, both as to substantial allegations of the denial of a constitutional right and as to affidavits, is sufficient to invoke the act. Such a petition calls for an answer from the State's Attorney and a hearing on the merits.

If the trial court finds, on hearing, that petitioners had counsel of their own choosing or competent counsel appointed by the court and that they were not prevented from

asserting their claims, the claims have been waived and that will be the end of the matter so far as the trial court is concerned. The claims will also have been waived unless the trial court finds that petitioners were prevented by their indigence from obtaining a review by writ of error accompanied by a bill of exceptions.

If the trial court finds the facts in petitioners' favor on the issues of waiver and indigence, it will consider whether any of these petitioners' constitutional rights have been violated in the proceedings culminating in their convictions. In making this inquiry, it may refer to a transcript of so much of those proceedings as is relevant if such a transcript is in fact available at the time and even though such transcript has not been and cannot be certified by the judge who heard the evidence. It may hear testimony or receive affidavits as to what occurred at the trial to supplement, corroborate or contradict the transcript. If the transcript is contradicted by testimony or affidavits, the trial court may, of course, give such measure of credence to the evidence transcribed and to the determination of the judge or jury upon that evidence, as opposed to the recollections of witnesses or affiants, as it deems proper.

If the trial court finds after a hearing that any of these claims are sustained and have not been waived or adjudicated against the prisoner in a proceeding free from constitutional defect, it must set aside the judgment of conviction and, in accordance with the provisions of the act, enter "such supplementary orders as to rearraignment, retrial, custody, bail or discharge as may be necessary and proper."

If it finds that petitioners' claims have been waived or are without substance, it will enter a final order dismissing the proceedings.

The judgments are reversed and the causes remanded to the criminal court of Cook County, with directions for further proceedings in accordance with this opinion.

*Reversed and remanded, with directions.*