(No. 32280.— ▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT W. MANNING, Plaintiff in Error.

*Opinion filed September 17, 1952.*

ALBERT W. MANNING, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and CHARLES A. HELFFRICH, State's Attorney, of Ottawa, (WILLIAM C. WINES, of Chicago, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

Albert W. Manning filed a petition in the circuit court of La Salle County under the Post-Conviction Hearing Act. Upon motion of the State's Attorney, the petition was dismissed. We allowed a writ of error and appointed counsel to represent the petitioner.

The petition alleges that on April 11, 1928, when petitioner was fifteen years old, he was adjudicated feeble-minded and committed to the Dixon State Hospital by the county court of Lee County. On November 14, 1928, by order of that court, he was released to the custody of his mother, but the adjudication of feeble-mindedness has never been vacated. On June 14, 1930, petitioner pleaded guilty to a charge of burglary and was sentenced by the circuit court of La Salle County to imprisonment in the penitentiary for a period of not less than one year nor more than life. He later obtained his release. He was indicted at the May, 1944, term of the criminal court of Cook County for robbery and under the Habitual Criminal Act. He was found guilty and was sentenced to the penitentiary as an habitual criminal for a fixed term of twenty years.

The People's brief points out certain facts which supplement the allegations of the petition. Petitioner was paroled in December of 1934, some four and one-half years after his conviction for burglary. He went to the State of New York where he was committed to a State hospital in 1935. Later that year he was returned to a psychopathic hospital in Chicago. Shortly after his release from that institution, in December of 1935, he was apprehended as a parole violator and was also charged with armed robbery in Dixon, Illinois. Subsequently, he was again paroled. In May, 1944, he was indicted in Cook County for robbery and as an habitual criminal. After this indictment was returned, he was adjudged insane and was committeed to the Illinois Security Hospital at Chester, Illinois. In January,

1946, a jury in the criminal court of Cook County found him sane. He was then tried, and was convicted on the habitual criminal count of the indictment returned in May of 1944.

It appears from the post-conviction petition that in December, 1947, petitioner filed a petition in the nature of a writ of error *coram nobis* in the circuit court of La Salle County to review his first conviction, the 1930 conviction for burglary. The petition was dismissed upon motion. Petitioner then filed a motion in this court for leave to proceed without payment of costs, and for leave to file a motion in the nature of a writ of error *coram nobis*. We granted leave to proceed without costs, but denied the motion for a writ of error *coram nobis* without opinion. Other efforts to secure a review are set forth in the petition, but they have no bearing on our decision here.

In his post-conviction petition, Manning alleged that because the 1928 order by the county court of Lee County finding him feeble-minded had never been vacated he continued under the jurisdiction of that court; that his conviction in 1930 by the circuit court of La Salle County was a conviction by a court which had no jurisdiction over him, and that the trial therefore lacked due process of law. On the People's motion, the court dismissed the petition on the ground that the questions raised were *res judicata.*

The only argument by the People in support of the dismissal is based squarely on our order on Manning's motion in the nature of writ of error *coram nobis*. The People contend that our denial of the motion for leave to file a writ of error *coram nobis* in this court was presumably a denial of petitioner's claims made here.

We cannot accept this argument. The record here fails to show anything indicating what was adjudicated in the trial court in the *coram nobis* proceeding. The only references to that proceeding in the present case are in Manning's petition under the Post-Conviction Hearing Act and

in the motion made in the circuit court to dismiss that petition. It appears that the petition for writ of error *coram nobis* was dismissed in the trial court on the ground of *res judicata,* but there is nothing in the record showing the basis of that determination. Nor is there anything to show that our disposition of the motion for leave to file a "writ of error *coram nobis*" in this court was based upon other than procedural grounds.

To say that our denial of petitioner's motion for a writ of error *coram nobis* is "presumably" an adjudication by this court on the merits of petitioner's claims would severely limit our decision in *People* v. *Jennings,* 411 Ill. 21, 25. There we stated that "* * * it is clear that *res judicata* cannot be mechanically applied to foreclose an inquiry which probes beneath the mere fact of adjudication to determine whether or not, in the process of adjudication, there has been any infringement of the constitutional rights of the petitioner."

It appears that Manning's petition was sufficient to invoke jurisdiction under the act. His petition alleged that he was imprisoned by virtue of the action of a court which could not have had jurisdiction over him because of a previous court order adjudicating him feeble-minded. (See *People ex rel. Wiseman* v. *Nierstheimer,* 401 Ill. 260; *People* v. *Varecha,* 353 Ill. 52.) We do not decide the merits of this claim. It is sufficient, however, to entitle the petitioner to an answer from the State's Attorney and a hearing on the merits. (*People* v. *Jennings,* 411 Ill. 21.) At that hearing the truth of the allegations of the petition can be ascertained, and there can be an orderly inquiry into the extent to which those claims have been adjudicated.

The judgment of the circuit court of La Salle County is therefore reversed, and the cause remanded, with directions to overrule the motion to dismiss and to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*