(No. 39678.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE REED, Appellant.

*Opinion filed January 19, 1967.*

WARD, J., took no part.

HERBERT S. WANDER, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MORTON FRIEDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant appeals from the dismissal of his post-conviction petition. The petition, filed *pro se,* alleged his conviction for armed robbery and that in the trial he suffered, and we quote, "substantial denial of his rights under the constitution of the United States, to-wit: (a) all of the witnesses and all of the testimony upon which the indictment was founded were incompetent hearsay and mere expression of belief and suspicion; (b) the admission of

illegal search and seized evidence by the tria[l] court; (c) the petitioner's conviction was secured through a deliberate presentation of perjured testimony known to be such by the State's Attorney; (d) the State's Attorney deliberately suppressed evidence favorable to the petitioner: and (e) that the criminal statutes under which the indictment was founded is unconstitutional."

He further alleged that he appealed the conviction to this court (*People* v. *Reed,* 27 Ill.2d 342 (1963)) and that we affirmed, that his two petitions for writs of *habeas corpus* in the U.S. District Court were denied, and that "no evidence is attached to this petition because oral testimony of the petitioner and other witnesses is needed to sustain petitioner [sic] allegations."

The State filed a motion to dismiss on the grounds that the petition failed to raise any constitutional questions within the purview of the act and that our affirmance of his conviction was *res judicata* of defendant's present contentions.

Defendant was represented by the public defender at the hearing on the motion to dismiss. The court sustained the motion and dismissed defendant's petition. Defendant contends this was error, that his petition was sufficient and that the State should have been required to answer. Section 2 of the Post-Conviction Hearing Act, in pertinent part, reads as follows: "The petition shall * * * clearly set forth the respects in which petitioner's constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." (Ill. Rev. Stat. 1965, chap. 38, par. 122—2.) We have defined the requirements of this section frequently. *People* v. *Jennings,* 411 Ill. 21 (1952); *People* v. *Reeves,* 412 Ill. 555 (1952); *People* v. *Ashley,* 34 Ill.2d 402 (1966).

In *Jennings,* we held that: "[I]f the petition so charges [violations of constitutional rights], the trial court should

ascertain whether it is supported by accompanying affidavits and if not, whether the absence of such affidavits is sufficiently explained or excused by the petitioner's own sworn statements. Where there are no supporting affidavits and their absence is neither explained nor excused, the trial court should either dismiss the petition or grant further time within which such affidavits may be obtained." 411 Ill. 21, 26.

In *Reeves,* we said: "The requirement for such accompanying affidavits is necessitated by the need to furnish information *dehors* the available record or to require at the hearing an adequate search of those parts of the record not then in the hands of or available to the petitioner. We should not construe the statute (par. 122—2) and our own rules so strictly that a fair hearing be denied and the purposes of the act defeated. However we do not intend hereby to lessen the duties of petitioners under the act to make a substantial showing of a violation of constitutional rights, for the allegation of a mere conclusion to that effect under oath will not suffice." (412 Ill. 555, 560-61.) In *Ashley,* we said: "We believe that it was incumbent upon petitioner in his petition or accompanying affidavits to identify with reasonable certainty the source from which the alleged evidence of perjury would be forthcoming, that it was available and of what it would consist." 34 Ill.2d 402, 411.

Applying these standards to the defendant's petition, it is quite evident that it does not comply with the statutory requirements. Defendant did not submit any factual evidence in support of his general allegations of constitutional violations. He purported to explain this absence by stating that no evidence was attached "because oral testimony of petitioner and other witnesses is needed to sustain petitioner [sic] allegations." In light of the clear requirements of section 2, and the case law interpreting it, we find that defendant's "explanation" of his lack of factual evidence to

support his allegations does not satisfy his duty under the statute. The dismissal of his petition was proper.

Finally, defendant argues that the court erred in dismissing the petition without granting him leave to amend. Defendant raises such issue for the first time in this appeal. Therefore, we find the court did not err in this regard.

Having concluded that the dismissal was proper for the reasons discussed, we find it unnecessary to consider the question of *res judicata*. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.