(No. 40393.—

The People of the State of Illinois, Appellee, *vs.* Thomas Satterwhite, Appellant.

*Opinion filed September 29, 1967.*

Ward, J., took no part.

Richard S. Borland, of Chicago, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Carl W. Walsh, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

This appeal is from an order of the circuit court of Cook County dismissing a petition for a hearing under the post-conviction provisions of the Code of Criminal Procedure.

Petitioner was convicted in a bench trial of unlawful sale of narcotics and sentenced to life imprisonment. In his petition and accompanying affidavits he states that since his conviction he has discovered that the attorney who represented him at his trial held an appointment as assistant corporation counsel for the city of Chicago, and that if he had known about his attorney's position, he would have discharged him. In stating his position he inadvertently refers to his attorney as an employee of the State, rather than an employee of the city as alleged in the petition.

Petitioner makes no allegation of incompetency of his privately hired counsel but asserts that, because of his counsel's position, there existed a conflict of interest in violation of his constitutional rights. It is conceded that this court has not taken a position with respect to such a situation, but petitioner notes that we have held that we will not permit a conflict of interest. (*People* v. *Bopp,* 279 Ill. 184; *People* v. *White,* 365 Ill. 499.) Cases cited from other jurisdictions involve connection of counsel with the prosecutor's office or the existence of other conflicts. For example, in *MacKenna* v. *Ellis,* (5th cir.) 280 F.2d 592, two young lawyers were appointed to represent the defendant while they had applications on file for employment as assistant district attorneys and were, in fact, later so employed. The conviction was reversed. In *Goodson* v. *Peyton,* (4th cir.) 351 F.2d 915, the court found no conflict in the attorney being a prosecutor, but indicated disapproval of the practice. In *Young* v. *State* (Fla. 1965), 177 So. 2d 345, the conviction was reversed where the public defender had talked with the defendant and then became the prosecutor. And in *State* v. *Detroit Motors,* 62 N.J. Super. 386, 163 A. 2d 227, where certain defendants had been represented in a civil action involving the same facts by a firm of which the prosecutor was a member, the court held a conflict of. interest to exist. *Glasser* v. *United States,* 315 U.S. 60, 86 L. Ed. 680, involved the appointment of an attorney

for two defendants where there might be prejudice or conflict; .and in *Porter* v. *United States,* (5th cir.) 298 F.2d 461, the defendant's attorney was attorney for a narcotics officer without the defendant's knowledge and the court reversed for a new hearing. None of these cases involved the question here presented.

We think it unnecessary to discuss the difference between court-appointed counsel and privately retained counsel for a decision of this case. Authority for prosecution of criminal cases in Illinois is vested in the Attorney General and the State's Attorneys of the counties in which the prosecutions are held. An assistant corporation counsel of a city such as Chicago has no power or authority to prosecute in a criminal case involving violation of a State statute such as the unlawful sale of narcotic drugs prohibited by the statute. (Ill. Rev. Stat. 1965, chap. 38, par. 22—3.) The bare fact that petitioner's counsel was an assistant corporation counsel does not establish a conflict of interest, and the petition does not state facts showing a conflict of interest. Allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing. (*People* v. *Reeves,* 412 Ill. 555; *People* v. *Ashley,* 34 Ill.2d 402.) Here, there is no charge of incompetency of counsel, and the mere assertion that counsel did not try the case in the manner suggested by petitioner does not raise a constitutional issue of conflict.

The judgment of the circuit court of Cook County dismissing the petition is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.