(No. 40871.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LEON SMITH, Appellant.

*Opinion filed September 24, 1968.*

SCHAEFER, J., dissenting.
WARD, J., took no part.

ROBERT P. BRANDENBURG, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

On November 3, 1965, Leon Smith was found guilty of armed robbery by a Cook County jury and sentenced to a term of four to eight years imprisonment following a trial in which he was represented by privately retained counsel. On April 27, 1967, Smith filed a *pro se* post-conviction petition, and the public defender was appointed to represent him.

We agree that the petition was properly dismissed because it failed to allege facts showing a substantial denial of Smith's constitutional rights. (See Ill. Rev. Stat. 1967, chap. 38, par. 122—1.) Petitioner alleged (1) that "the identification of the defendant was without doubt too vague", (2) that "the trial was merely perfunctory and did not afford the defendant a fair and impartial hearing", (3) that "much was made of the fact that no witnesses appeared to testify in behalf of the defendant, thus creating in the eyes of the jury that defendant was making no effort to prove his innocence", (4) that he was not granted "ethical fairness", (5) that it was not incumbent upon defendant to prove himself innocent.

Even when the allegations of the petition are "liberally construed in favor of the petitioner" they fail to show "imprisonment in violation of the Federal or State constitution." (*People v. Bernatowicz*, 413 Ill. 181, 185; *People v.*

*Jennings,* 411 Ill. 21, 26.) The errors claimed in the post-conviction petition are stated in a vague and conclusionary manner completely devoid of any factual evidence or supporting affidavits to substantiate the general allegations. Such nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a post-conviction hearing (*People* v. *Satterwhite,* 38 Ill.2d 138, 140; *People* v. *Evans,* 37 Ill.2d 27, 30; *People* v. *Ashley,* 34 Ill.2d 402), and the failure to attach supporting affidavits to the petition or adequately explain their absence permits the dismissal of the post-conviction proceeding where the petitioner's allegations are not "substantially borne out by matters appearing on the face of the record." (*People* v. *Reeves,* 412 Ill. 555, 559; Ill. Rev. Stat. 1967, chap. 38, par. 122—2.) Since petitioner has failed to make a substantial showing of any violation of his constitutional rights, the dismissal by the trial court was proper. *People* v. *Ashley,* 34 Ill.2d 402, 410; *People* v. *Reeves,* 412 Ill. 555, 560.

While appellate counsel asserts defendant's representation in the post-conviction hearing was inadequate in that leave to amend the petition should have been sought, no motion for leave to amend was there made nor does there appear any reason to believe the petition could have been successfully amended. *People* v. *Knight,* 38 Ill.2d 373; *People* v. *Reed,* 36 Ill.2d 358.

This case is distinguished on its facts from *People* v. *Barnes, ante,* p. 383, and *People* v. *Craig, ante,* p. 466, decided this term, in that it does not affirmatively appear here that the public defender failed to communicate with the defendant regarding his post-conviction petition; in each of those cases the absence of communication by counsel with defendant was apparent from the record.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.

Mr. Justice Schaefer, dissenting:

From the transcript of the hearing upon the motion to dismiss the post-conviction petition, at which the assistant public defender who represented the defendant did no more than read portions of the inadequate *pro se* petition to the trial judge, and made no request for leave to amend, I am satisfied that the defendant's representation on that hearing was not adequate. In my opinion the judgment should be reversed and the cause remanded for a hearing at which the defendant is adequately represented.