THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEVI WEST-BROOK, Defendant-Appellant.

(No. 56539;

First District—May 9, 1972.

Andrew M. Kramer, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney

General, and Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from a dismissal of a petition for a post-conviction hearing. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) Defendant contends that he was denied adequate representation in the post-conviction proceeding and that the trial court improperly dismissed his amended petition.

Defendant was convicted of murder in 1962 and sentenced to a term of not less than 14 years nor more than 14 years and 1 day. On appeal of the conviction to this court he contended that the trial court improperly instructed the jury, the court unduly restricted cross-examination of a prosecution witness and the evidence failed to prove him guilty beyond a reasonable doubt. This court rejected these contentions and affirmed the conviction. See *People v. Westbrook,* 56 Ill.App.2d 60.

Defendant then filed a *pro se* petition for a post-conviction hearing on September 18, 1968. John M. McDermott was appointed to represent petitioner and filed an amended petition which alleged:

"1. The Petition was arrested, indicted and arraigned without benefit of counsel and was denied his constitutional rights at every step in all proceedings up to and including trial.

2. The court did not allow prior inconsistent statements made by the state's witness at the coroner's inquest so as to impeach her testimony at trial.

3. The court instructed the jury in language of a statute that was no longer in effect.

4. That petitioner was denied due process of law in that he was not competently represented by counsel in that;

    A. Trial Counsel for petitioner waived recording of the Voir Dire examinations.

    B. Trial Counsel for petitioner failed to request Behavioral Clinic examination for petitioner, knowing the act of murder to be an act of an irrational man and further knowing that an irrational man is not competent to stand trial."

The State filed a motion to dismiss the petition after which a hearing was held. During the hearing defendant's counsel withdrew paragraphs 2 and 3 of the petition since those allegations had been decided on the prior appeal and were, therefore, *res judicata.* The State's motion to dismiss was subsequently granted. This appeal followed.

Defendant initially contends that he was denied adequate representa-

tion in the post-conviction proceeding. He has submitted an affidavit alleging that he has never met the attorney appointed to represent him in that proceeding. He also acknowledges that he did meet his counsel's law partner with whom he discussed his case.

The duties of counsel appointed to represent a petitioner seeking a post-conviction hearing have recently been incorporated into Supreme Court Rule 651(c)[1] which provides:

"The record filed in [the appellate] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

The record in the case at bar shows that this Rule has been complied with. At the hearing on the State's motion to dismiss the petition McDermott stated that he had interviewed defendant on a "couple of occasions" and had read the transcript of the trial. He also amended defendant's *pro se* petition. This showing in the post-conviction record satisfies the requirements of the Rule. However, even if defendant's averment that he did not consult directly with McDermott is true, the circumstances of this case nonetheless show compliance with the Rule. An attorney appointed to represent an indigent defendant in a post-conviction proceeding is required to consult with him to ascertain his alleged grievances, examine the record, shape the grievances into appropriate legal form and present them to the trial court. (*People v. Slaughter*, 39 Ill.2d 278.) In the instant case McDermott's law partner discussed the matters in the *pro se* petition with defendant, his name appears with McDermott's on the amended petition, and he was present in court when arguments were heard on the State's motion to dismiss. Under these circumstances we fail to see how defendant was prejudiced by not directly consulting with McDermott.

Defendant argues that even if communication through an agent, as in this case, is sufficient compliance with the Rule he was nevertheless denied adequate representation because the amended petition did not properly present his grievances to the court. He alleges that he told McDermott's law partner that he had met with his appointed counsel in the original trial for only five minutes the day before the trial. He asserts that that was insufficient consultation to prepare a defense in a murder trial thus presenting a constitutional issue of the denial of effective assistance

---

[1] Ill. Rev. Stat. 1971, ch. 110A, par. 651(c).

of counsel which, if properly presented, would have entitled him to post-conviction relief.

■■ Paragraph 1 of the petition can be construed as alleging the denial of the effective assistance of counsel at the trial. However, there were no affidavits, records, or other evidence filed in support of the petition thereby rendering it insufficient to require an evidentiary hearing. (Ill. Rev. Stat. 1969, ch. 38, par. 122—2; *People v. Arbuckle,* 42 Ill.2d 177.) As we perceive defendant's argument it was the failure of counsel to attach the supporting evidence to the petition that caused the inadequate representation in the post-conviction proceeding. We cannot, however, say that counsel was incompetent or that the representation he provided was inadequate, absent a showing that there is material available for supporting evidence. Where there is no showing that sufficient facts or evidence exist inadequate representation will not be found because an attorney did not make the petition's allegations factually sufficient to require the granting of relief. *People v. Stovall,* 47 Ill.2d 42.

Defendant next contends that the trial court improperly dismissed his amended petition. He urges that the allegations of paragraph 1 of the petition were sufficient to require a hearing on the question of whether or not he was denied the right to counsel at critical stages of the proceedings. We disagree. A petition for a post-conviction hearing must be supported by "affidavits, records, or other evidence supporting its allegations or shall state why same are not attached." (Ill. Rev. Stat. 1969, ch. 38, par. 122—2.) In the case at bar the petition was not only devoid of supporting materials, but the record shows that defendant was represented by the Public Defender at the arraignment as well as at the trial.

Defendant also urges that the doctrine of *res judicata* should not have barred paragraphs 2 and 3 from consideration in the post-conviction proceeding. In *People v. West,* 43 Ill.2d 219, the Supreme Court said at p. 222:

"A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of *res judicata* bars additional litigation on this point."

■■ The allegations of paragraphs 2 and 3 of the petition were previously considered and rejected by this court in *People v. Westbrook, supra,* and were therefore barred from reconsideration in a post-conviction proceeding by the doctrine of *res judicata.* This was recognized by McDermott at the hearing on the State's motion to dismiss and he correctly withdrew these allegations from consideration by the court.

■■ Defendant also urges that paragraph 4, A [2] of the petition required

---

[2] Defendant does not raise the issue of the sufficiency of paragraph 4B in this appeal.

an evidentiary hearing. We know of no existing law that requires the recording of *voir dire* examination. (See *People v. Thome*, 111 Ill.App.2d 215.) At the most, waiver of the recording of *voir dire* examination would constitute an error in judgment which would not amount to incompetent representation.

The order of the trial court dismissing defendant's petition is therefore affirmed.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.