273 So.2d 34 (1973)
STATE of Louisiana
v.
Noil GEORGE.
No. 52800.
Supreme Court of Louisiana.
January 15, 1973.
Concurring Opinion January 23, 1973.
Rehearing Denied February 19, 1973.
*35 Murphy W. Bell, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Wilmore J. Broussard, Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
In a bill of information, defendant was accused of committing the theft of "one case of fifths of Boone's Farm Apple Wine and five cases of tenths of Boone's Farm Strawberry Wine, having a value of less than $100.00." R.S. 14:67 (amended 1970). Defendant was convicted by the trial judge of misdemeanor theft and was sentenced to pay a fine of $50.00 or to serve thirty days in the parish prison. This court granted defendant's application for a writ of certiorari. 266 So.2d 711.
Although defendant perfected six bills of exceptions during these proceedings, only three bills are urged before this court. Bills number 2 and 4 were reserved when the trial court sustained the validity of the search warrant pursuant to which the State had obtained the evidence which led to defendant's conviction. Bill number 5 was reserved when the trial judge refused to grant a new trial in order to allow the introduction of "new and material" evidence discovered after sentencing.

BILLS OF EXCEPTIONS NUMBERS 2 AND 4
Around September 20, 1971, approximately one hundred cases of wine were stolen from the Svoboda Distributing Company in Houma, Louisiana. The stolen wine consisted mostly of Boone's Farm Apple Wine and Boone's Farm Strawberry Hill Wine, bottled in both tenths and fifths of a gallon. On September 27, 1971, after presenting an affidavit to a Houma city judge, Detective Ralph Bergeron of the Houma Police Department obtained a warrant to search the defendant's place of business, known as "George's Package Liquor Store." In substance[1] the affidavit *36 recited that on or about September 20, 1971, a "confidential informer," known personally by affiant, purchased from George's Package Liquor Store one case of Boone's Farm Apple Wine and seven cases of Boone's Farm Strawberry Hill Wine in tenths; that the eight cases were turned over to affiant who determined that the eight cases were part of the wine stolen from Svoboda Distributing Company; that the confidential informer told affiant that he saw about forty more cases of Boone's Farm Wine being concealed at defendant's liquor store when he made the previously mentioned purchase; and that the owner of the Svoboda Distributing Company stated to affiant, both on September 20, 1971 and September 27, 1971, that he "did not sell any type of wine to the said George's Package Liquor Store."
The return to the search warrant shows that the following items were seized in a search of defendant's business premises:
"one full case of Boone's Farm Apple Wine, Fifths, four cases of Boone's Farm Strawberry Hill Wine, tenths, three empty cases of Boone's Farm Apple Wine, fifths, one case of tenths of Strawberry Hill Wine with five bottles missing, three fifths of Boone's Farm Apple Wine, and seven tenths of Boone's Farm Strawberry Hill Wine."
Prior to trial, defendant filed a motion to suppress the evidence seized pursuant to the search warrant. Defendant's pre-trial motion to suppress attacked the validity of the search warrant on the ground that the "confidential informer" had made false statements to the police officer, which statements were then used to obtain the search warrant. The defendant did not allege in the motion to suppress that the police officer had knowingly recited false statements to the Houma city court in his application for the search warrant. Thus, relying on State v. Anselmo, 260 La. 306, 256 So.2d 98 (1971), the trial court properly judged the affidavit on its face, rejecting defendant's attempts to inquire into the truthfulness of the facts set forth in the affidavit. In Anselmo this court ruled that the truthfulness of the facts which were supplied to an affiant by a confidential informer and which were then recited by the affiant in his application for a search warrant could not later be attacked at a hearing on a motion to suppress.
Judged on its face, the police officer's affidavit established probable cause for the valid issuance of the search warrant. C.Cr.P. 162. Thus, the trial court properly denied the motion to suppress. Bill of Exceptions Number 2 is without merit.
Following the trial, but prior to sentencing, defendant moved for a new trial. Defendant contended that evidence adduced at trial indicated that Detective Bergeron obtained the search warrant by making *37 false statements in his affidavit. Defendant urged that the search warrant was invalid due to the alleged falsification of the affidavit and that all the evidence seized under the warrant should be excluded from a new trial. C.Cr.P. 851(1), (4), (5).
The trial judge found no evidence of falsification and denied the motion. Defendant reserved Bill of Exceptions Number 4.
The trial judge was correct. Bergeron, the affiant, did not falsify the allegations of the affidavit, but did conceal the fact that his "confidential informer" was a deputy sheriff who made the purchase through another informer. There was no error in the allegation that the wine purchased from defendant was part of the stolen wine. Hence, there was probable cause for the issuance of the search warrant. Bill of Exceptions Number 4 is without merit.

BILL OF EXCEPTIONS NUMBER 5
After the trial and sentencing, defendant timely filed a motion for a new trial alleging that new and material evidence had been found which, if introduced at trial, would probably have resulted in a verdict of not guilty. C.Cr.P. 851(3), 852. The trial judge denied the motion and defendant reserved Bill of Exceptions Number 5.
The "new evidence" relied upon by defendant is receipts indicating that Svoboda Distributing Company sold defendant seven cases of Boone's Farm wine in August, 1971, rather than four cases as was suggested at trial. The receipts are business records of defendant which were always possessed by either defendant or his accountant. Through the exercise of reasonable diligence defendant could have introduced the receipts as evidence at trial. Furthermore, there is no showing that the introduction of the evidence at trial "would probably have changed the verdict." C. Cr.P. 851(3). Therfore, the trial judge properly denied the motion for a new trial.
Bill of Exceptions Number 5 is without merit.
Although no other bill of exceptions was presented to this court, in either oral argument or written brief, we have examined the remaining bills of exceptions and find them to be without merit.
Defendant's conviction and sentence are affirmed.
HAMLIN, C.J., absent.
SANDERS, J., concurs in the result.
SUMMERS, J., concurs and assigns reasons.
SUMMERS, Justice (concurring).
I concur in the result reached. My only difference with the majority is the restrictive interpretation this case seems, inadvertently or otherwise, to place upon our holding in State v. Anselmo, 260 La. 306, 256 So.2d 98 (1971). In the case at bar the majority sets forth its understanding of the Anselmo Case in these words: "In Anselmo this court ruled that the truthfulness of the facts which were supplied to an affiant by a confidential informer and which were then recited by the affiant in his application for a search warrant could not later be attacked at a hearing on a motion to suppress." Literally applied the quoted language could mean that the majority interpreted the rule adopted in the Anselmo Case to apply only to the truthfulness of the information furnished by the informant, the implication being that if the affiant himself could later be shown to have falsely sworn to the magistrate, the warrant could for that reason be declared invalid, and the evidence obtained in the search and seizure could be suppressed.
In the Anselmo Case we adopted the majority rule expressed in People v. Bak, 45 *38 Ill.2d 140, 258 N.E.2d 341 (1970), where the court held that the issuance of a search warrant represented a conclusive judicial finding of the existence of probable cause and that any subsequent hearing must be limited to an examination of the face of the complaint and warrant. In so holding the court stated:
This majority of the court believes that both constitutions contemplate only that a judicial officer find probable cause for the issuance of a warrant based on the evidence under oath that has been presented to him by the one requesting the warrant. It is contemplated that the credibility of the affiant or others offering evidence is for the judicial officer. If he finds the evidence worthy of belief and sufficient to form probable cause, this judicial determination cannot be relitigated through a later disputing of the evidence.
As thus expressed the rule applies alike to the informant and the affiant. The rule contemplates that the "credibility of the affiant or others offering evidence" is for the magistrate. "If he finds the evidence worthy of belief," including the affiant's truthfulness, and sufficient to form probable cause, this judicial determination of credibility cannot be relitigated through a later disputing of the evidence.
Certiorari was denied by the United States Supreme Court in the Anselmo Case. 407 U.S. 911, 92 S.Ct. 2438, 32 L.Ed.2d 685. The rule adopted in the Anselmo Case is the majority rule in state courts.
Attempted modification of the rule in Anselmo is probably based upon the supposition that police officers will commit perjury and that the judicial determination of the truthfulness of the affiant and probable cause for the issuance of warrants are perfunctory authorizations, or that probable cause is a state of mind which cannot exist when it is based upon a false affidavit. See concurring opinions in Anselmo. 260 La. 322-324, 256 So.2d 98.
In reply it may first be said that in many instances the requirements of the law are satisfied by sworn statements found to be reliable before a judicial officer. Aside from the moral persuasion to tell the truth, a perjury prosecution and a civil suit for damages are real and substantial deterrants to false swearing. These considerations are important safeguards against "unreasonable" search and seizure. Secondly, it is unfair to charge that magistrates issue warrants to search dwelling houses on a perfunctory basis. Certainly the record does not support such a charge, and my experience is to the contrary. The requirement that the warrant be issued by a magistrate relies upon the integrity of the judiciary to protect against "unreasonable" searches and seizures. Another vital assurance is thereby furnished that the search and seizure shall not be unreasonable. Finally, probable cause is determined on facts and circumstances made known to the magistrate and which he believes to be true. It is, in effect, a determination from the available evidence that an essential legal test has been met and that issuance of the warrant will not result in an unreasonable search and seizure. If a later development should disclose errors in the facts relied upon, the previous finding of probable cause is not nullified, for probable cause, as the term implies, is based upon probabilities, not absolutes. The isolated instance of false swearing or the rare perfunctory issuance of the warrant does not make the search and seizure resulting therefrom "unreasonable".
Moreover, none of the reasons ostensibly relied upon by the majority are based upon any facts in the record of this case. These assumptions disparage the police and the judiciary, and they disregard the constitutional standards established to guarantee that search and seizure shall not be "unreasonable." U.S.Const. amend IV; La. Const. art. 1, § 7; La.Code Crim.Proc. art. 162.
In their wisdom the framers of the State and Federal constitutional guarantees most *39 assuredly realized that the practical necessities of law enforcement required some modification of the usual judicial determination of probable cause. This determination in practice could not be an adversary proceeding; it must, moreover, be expeditious if it would serve any purpose. This deliberate judgment was made not for the sake of law enforcement alone, it was made because a basic demand for tranquility in society required some relaxation of fundamental rights if efforts to suppress crime would succeed. The test of probable cause and reasonableness were the result.
Our decision in Anselmo took these constitutional standards into consideration. We held that when the magistrate issuing the warrant was satisfied with the truthfulness of the affiant and the information furnished satisfied him that probable cause existed the constitution was satisfied. The only inquiry remaining being a review of the correctness of the legal conclusion that probable cause was present. These safeguards were considered then to satisfy constitutional protection against "unreasonable" searches and seizures. I find no reason advanced in this case to refute those conclusions.
Standards so carefully considered, constitutionally based and approved in most jurisdictions should not be relaxed today. Rather, the state of crime in our society indicates a need for a contrary tendency.
I respectfully concur.
NOTES
[1] "APPLICATION FOR SEARCH WARRANT

STATE OF LOUISIANA, PARISH OF TERREBONNE, THIRD WARD CITY COURT OF HOUMA
"Before me, Robert D. Lottinger, City Judge of the Third Ward, in and for the Parish of Terrebonne, personally came and appeared Detective Ralph Bergeron of the Houman Police Department, who, being duly sworn, deposes and says:
"That a search warrant should issue for the search of the land and all improvements thereon including living quarters and stock or supply rooms of a structure known as `George's Package Liquor Store' located at 811 West Main Street, corner of West Main Street and Smith Lane in the City of Houma, Louisiana, for the purpose of seizing fifths and tenths of Boone's Farm Apple Wine and Boone's Farm Strawberry Wine, and an undetermined amount of Gallo Wine.
"The reasons and facts for the request of this search warrant are: That during the month of September, 1971, approximately ninety (90) cases of Boone's Farm Apple Wine and Boone's Farm Strawberry Wine, in fifths and tenths, and an undetermined amount of Gallo Wine, was taken during a burglary of the Svoboda Distributor Company building located at the corner of Academy and Barataria Streets in the City of Houma, Louisiana.
"That a confidential informer, who is personally known by affiant to be reliable and who has proven to be reliable in the past, stated to affiant that on or about September 20, 1971 he purchased from George's Package Liquor Store located at 811 West Main Street in the City of Houma, Louisiana, eight (8) cases of Boone's Farm Wine (1 case Boone's Farm Wine, Apple, in fifths, and seven cases of Boone's Farm Strawberry Wine in tenths).
"That the above described eight cases of wine purchased at George's Package Liquor Store were turned over to affiant, who examined same, and found it to be part of the wine stolen from the burglary of the Svoboda Distributor Company building.
"That confidential informer further stated that he observed approximately forty (40) more cases of the above described wine being concealed at George's Package Liquor Store located at 811 West Main Street in the City of Houma, Louisiana, at the time he purchased the above described eight cases of Boone's Farm Wine on or about September 20, 1971.
"That on September 20, 1971 and again on September 27, 1971, William Svoboda, owner of Svoboda Distributor Company, stated to affiant that he definitely did not sell any type of wine to the said George's Package Liquor Store located at 811 West Main Street in the City of Houma, Louisiana.
"That affiant has reasonable grounds and probable cause to believe that the above described stolen wine is being concealed in the above described premises, in the Third Ward of the Parish of Terrebonne, Louisiana, and that your affiant requests a Warrant of Search to issue herein for the purpose of allowing your affiant to search the said land and all improvements thereon including living quarters and stock and supply rooms of a structure known as `George's Package Liquor Store' located at 811 West Main Street, corner of West Main Street and Smith Lane in the City of Houma, Louisiana, Third Ward, for the purpose of locating, if possible, the same, or any part of the said wine.
 "s/ Det. Ralph Bergeron
 Applicant"