THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* BOOKER ROBINSON, Petitioner-Appellant.

(No. 58670;

First District (2nd Division)—January 29, 1974.

STAMOS, J., took no part.

Paul Bradley, Deputy Defender, of Chicago (Steven Clark, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

Petitioner, Booker Robinson, was convicted after a jury trial of the offense of burglary and sentenced to a term of eight to twenty years. Petitioner appealed and on January 8, 1973, we affirmed the judgment of conviction. (*People v. Robinson*, 9 Ill.App.3d 882, 293 N.E.2d 406 (abstract).) Thereafter, on June 1, 1973, the Illinois Supreme Court denied leave to appear but reduced petitioner's sentence to a term of six to twenty years. *People v. Robinson*, 53 Ill.2d 609.

On January 17, 1972, petitioner filed a *pro se* post-conviction petition. Counsel was appointed to represent petitioner and an amendment to the post-conviction petition was filed. On September 25, 1972, the trial judge granted the State's motion to dismiss the post-conviction petition without an evidentiary hearing.

Petitioner appeals, arguing only that the representation afforded him by appointed counsel at the post-conviction proceedings was inadequate. Petitioner argues that appointed counsel failed to properly expand upon and shape into proper legal form certain arguments presented in the post-conviction petition: (1) that a prospective juror had been improperly questioned; (2) that excessive bail had prevented defendant from searching out witnesses for his own defense; and (3) that petitioner had asked for, but did not receive, the grand jury documents and therefore could not adequately prepare his defense.

■■ In *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566, the Illinois Supreme Court set out standards for adequate representation by counsel in proceedings under the Post-Conviction Hearing Act. These standards have been incorporated into Supreme Court Rule 651(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 651(c)), which states:

"The record filed in that court shall contain a showing, which may be made by certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

It has been held that the complete failure to amend the *pro se* post-conviction petition does not establish inadequacy of counsel where it did not appear that the petition could have been successfully amended. *People v. Smith*, 40 Ill.2d 562, 241 N.E.2d 413.

■■■ In the case at bar, appointed counsel had contacted the petitioner by mail on several occasions, had personally interviewed him, and had

read petitioner's original trial transcript. Counsel stated that his delay in having presented arguments was caused by petitioner's reluctance to give up the trial transcript. Counsel also filed an amendment to the *pro se* post-conviction petition alleging several additional arguments. While petitioner now argues that certain of the issues presented in the post-conviction petition should have been expanded upon by counsel, he does not state how they could have been successfully expanded. Absent a showing that sufficient facts exist, inadequate representation will not be found because an attorney did not make the post-conviction petition's allegations factually sufficient to require the granting of relief. (*People v. Westbrook*, 5 Ill.App.3d 970, 284 N.E.2d 695.) An analysis of the record, of the *pro se* post-conviction petition, of the amendment to the post-conviction petition, and of the public defender's certificate filed pursuant to Supreme Court Rule 651(c) indicates that counsel's failure to further expand upon certain arguments in the post-conviction petition did not amount to inadequate representation of counsel.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

Mr. JUSTICE STAMOS took no part in the consideration or decision of this case.