DENNIS, Justice,
dissenting.
I respectfully dissent, 392 So.2d 454.
In concluding that the defendant has the burden of proving lack of probable cause for Kelly’s arrest the majority has misapplied this court’s rule governing challenges to search warrants to the instant case involving a warrantless arrest. In State v. Bouffanie, 364 So.2d 971 (La.1978) and State v. Williams, 385 So.2d 214 (La.1980), we applied the procedure and burden of proof governing challenges to the truthfulness of factual statements in a search warrant affidavit, see Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to challenges to search warrants based in necessary part upon an alleged illegal confession, and held that the defendant must establish by a preponderance of the evidence that the confession used to obtain the search warrant was involuntary. This is because the defendant has the burden of overcoming the rebuttable presumption of the validity of an affidavit supporting a search warrant. Franks v. Delaware, supra; State v. Melson, 284 So.2d 873 (La. 1973); State v. George, 273 So.2d 34 (La. 1973); State v. Anselmo, 260 La. 306, 256 So.2d 98 (1971). The rule clearly is not applicable in the present case because the officers arrested Kelly and seized evidence without a warrant. The state was not entitled to a presumption of validity once it had been shown that the officers acted without a warrant. The state has the burden of proving that a warrantless search or seizure is justified under one of the narrow exceptions to the warrant requirement. State v. Franklin, 353 So.2d 1315 (La.1977). Otherwise, a defendant, such as the one in the present case, is placed in the impossible position of proving a double negative, that the search or seizure did not come within an exception to the warrant requirement and that the officers’ action was not based on probable cause.
I also disagree with the majority’s statement that State v. Brown, 387 So.2d 567 (La.1980) is not to be given retroactive effect. See State v. Friddle, 396 So.2d 1242 (La.1981) (Dennis, J., dissenting).