THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY FIFE (Impleaded), Defendant-Appellant.

Fourth District   No. 14703

Opinion filed September 29, 1978.

GREEN, P. J., dissenting.

John E. Grosboll, of Petersburg, for appellant.

Nolan Lipsky, State's Attorney, of Petersburg (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Gregory Fife, appeals his conviction for delivering more than 30 but less than 500 grams of a substance containing cannabis, a violation of section 5(d) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 705(d)). After the court entered judgment on the jury's verdict and at the conclusion of a sentencing hearing, defendant was sentenced to a 1- to 3-year term of imprisonment. On appeal, defendant contends that: (1) his court-appointed trial counsel was tainted with a conflict of interest by reason of her service as a special assistant Attorney General for workmen's compensation matters; (2) the court abused its discretion by permitting the State to amend the information charging defendant with the instant offense; and (3) the prosecutor's closing argument deprived defendant of a fair trial. Because our determination of defendant's first contention is dispositive of this appeal, we will not address the remaining issues.

In this brief, defendant asked this court to take judicial notice of the fact that his trial counsel, during the entire time that she represented his interests, was a special assistant Attorney General for the State of Illinois. On this court's own motion, the cause was remanded to the circuit court for an evidentiary hearing on the question of whether or not a conflict of interest did actually exist. That hearing was held on June 30, 1978, at which time defendant's trial counsel testified that she believed she informed defendant of her affiliation with the Attorney General prior to defendant's trial. Defendant testified that he did not learn of his counsel's affiliation with the Attorney General until after he was convicted and sentenced.

■■ In its most recent pronouncement in the area of conflicts of interest, our supreme court stated: "This court adopted a *per se* conflict-of-interest rule in *People v. Stoval* (1968), 40 Ill. 2d 109, 112, whereby allegations and proof of prejudice are unnecessary in cases where a defense counsel, without the knowledgeable assent of the defendant, might be restrained in fully representing the defendant's interests due to his or her commitments to others, with even closer scrutiny being applied where counsel is appointed for defendant. (40 Ill. 2d 109, 113.) The test is not and cannot be based only upon the source of a financial gain by the

attorney. A rule based solely on financial gain would not only be unworkable in the everyday practice of law but would also have no necessary correlation with the conflicts of interest that arise in such practice. The *Stoval* rule, based upon actual commitments to others, is both workable and necessarily correlates with such conflicts. See *People v. Kester* (1977), 66 Ill. 2d 162, 166-69." (*People v. Coslet* (1977), 67 Ill. 2d 127, 133, 364 N.E.2d 67, 83.) In *Coslet*, the defendant's attorney simultaneously represented the defendant as well as the estate of the defendant's deceased husband. Defendant was accused of killing her husband and, in the event of her conviction for that homicide, there was a possibility that the decedent's estate might be enriched. In *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, the defendant's attorney had previously represented the victims of the burglary and theft for which the defendant had been charged.

■■ Our understanding of the *per se* rule is that it is intended to protect a defendant from actual conflicts of interest as well as from anxiety caused by the mere appearance of dual allegiance, unless the defendant knowingly assents to representation by an attorney who has commitments to others. Proof of actual prejudice is not required under the *per se* rule.

In *Coslet*, our supreme court announced that it will closely scrutinize allegations of conflict of interest "* * * in order to assure that every person is assured of the right to effective assistance of counsel at his trial." (67 Ill. 2d 127, 136, 364 N.E.2d 67, 84.) In *People v. Cross* (1975), 30 Ill. App. 3d 199, 202, 331 N.E.2d 643, 645, we noted that "[b]y statute, the Attorney General is required to assist in the prosecution of any party accused of crime when in the Attorney General's judgment the interests of the People of the State require it and to represent the People of the State before the supreme court in all cases in which the State or the People are interested. (Ill. Rev. Stat. 1971, ch. 14, par. 4.)" We conclude that, in *Cross*, defense counsel's affiliation with the Attorney General constituted a *per se* conflict of interest which required remandment for a new trial.

The instant case is virtually identical to *Cross* and, for the reasons expressed in *Cross*, we must reverse the defendant's conviction and remand for a new trial.

Reversed and remanded with directions.

TRAPP, J., concurs.

Mr. PRESIDING JUSTICE GREEN, dissenting:

I dissent for the reasons stated in *People v. Crawford Distributing Co.* (1978), 65 Ill. App. 3d 790, 382 N.E.2d 1223.