(No. 51250.—)

SILVER MANUFACTURING COMPANY *et al.,* Appellees, v. GENERAL BOX COMPANY, Appellant.

*Opinion filed May 24, 1979.*

414

Sweeney & Riman, Ltd., of Chicago (Elliot R. Schiff and John Grove, of counsel), for appellant.

John M. Lamont and Timothy J. Reuland, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora (James F. Whitfield, of Wheaton, of counsel), for appellees.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Following our decision in *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, and the issuance of the mandate, the third-party plaintiff, Silver Manufacturing Company (hereafter plaintiff), moved in the circuit court that the cause be reinstated (Supreme Court Rule 369 (58 Ill. 2d R. 369)). The motion was allowed, and the third-party defendant, General Box Company (hereafter defendant), moved that the order reinstating the cause be vacated. Following oral argument and filing of memoranda the motion to vacate was denied. In its order the circuit court made findings requisite to an interlocutory appeal (Supreme Court Rule 308 (58 Ill. 2d R. 308)) and identified as the question of law involved "whether or not this litigation is exempted from the prospective application of the rule of contribution pronounced in the case of *Skinner vs. Reed-Prentice Packaging Co.,* Supreme Court No. 48757, *Robinson vs. International Harvester,* Supreme Court No. 49205, and *Stevens vs. Silver Manufacturing Company*, Supreme Court No. 48974." The appellate court allowed defendant's motion for leave to appeal, and we allowed defendant's motion filed pursuant to Rule 302(b) (58 Ill. 2d R. 302(b)) that the appeal be taken directly to this court.

Defendant states in its brief that it does not intend "to argue this Court's intention of including or excluding the instant action from the prospective application of the 'contribution rule'." It asserts that its argument is confined to the questions of "the permissibility of a purely prospective application" and "the appropriateness of doing so here." Citing many authorities and hypothesizing numerous problems which may arise if this action is exempted from the prospective application of the earlier decision, it argues that the order reinstating the cause in

the circuit court should be vacated.

Simply stated, defendant's argument is that the parties and others relied upon the "contribution rule" allegedly abolished by our earlier opinion and that "the equities clearly run in a purely prospective operation here." They suggest that "A purely prospective application will permit this Court to declare a rule of law but not be bound by particular facts peculiar to this appeal." Although defendant has predicated much of its argument on matters not found in the record, we point out that the facts upon which our earlier opinion was based are not those *dehors* the record to which defendant refers, or which it hypothesizes, but are those facts which were alleged in the third-party complaint and, for purposes of defendant's motion to dismiss, taken as true.

The earlier opinion in this case did not specifically except this cause of action from the prospective application of the decision, but explicitly provided that "the cause is remanded to the circuit court of Kane County for further proceedings consistent with this opinion." (70 Ill. 2d 41, 46.) Had the court intended that the decision not apply to this case and that it not be exempted from the prospective application, there would have been no reason to remand the cause for further proceedings. Excepting the cause in which the decision is rendered has consistently been the practice in cases involving torts. (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11; *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326; *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348.) In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, cited by defendant in support of its argument, we recognized a cause of action for retaliatory discharge of an employee for filing a claim for workmen's compensation. We permitted the plaintiff to recover compensatory damages pursuant to the newly recognized cause of action, but denied recovery of punitive damages

for the reason that "the function of punitive damages is similar to that of a criminal penalty, *i.e.*, as a punishment to the wrongdoer and as a means to deter such a wrongdoer and others from committing like offenses in the future. (See *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31.) Because of their penal nature, punitive damages are not favored in the law, and the courts must take caution to see that punitive damages are not improperly or unwisely awarded. (See *Eshelman v. Rawalt* (1921), 298 Ill. 192, 197.) Adherence to this rule compels us to conclude that punitive damages should not be awarded where, as here, the cause of action forming the basis for their award is a novel one." (74 Ill. 2d 172, 187-88.) The contribution involved in *Skinner* was not penal in nature; thus, the reason for prospective application present in *Kelsay* is not found here. Defendant's reference to our recent decision in *In re Friedman* (1979), 76 Ill. 2d 392, is inapposite for the reason that *Friedman* involved a disciplinary matter, also penal in nature.

Although that case involved the application of a Federal constitutional right we find apposite the observation of the Supreme Court in *Stovall v. Denno* (1967), 388 U.S. 293, 301, 18 L. Ed. 2d 1119, 1206, 87 S. Ct. 1967, 1972:

> "Sound policies of decision-making, rooted in the command of Article III of the Constitution that we resolve issues solely in concrete cases or controversies, and in the possible effect upon the incentive of counsel to advance contentions requiring a change in the law, militate against denying Wade and Gilbert the benefit of today's decisions. Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate

process who have raised the same issue. But we regard the fact that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision-making." (Footnotes omitted.)

For the reasons stated, the order of the circuit court is affirmed.

*Order affirmed.*