(No. 51423.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GREGORY FIFE, Appellee.

*Opinion filed June 8, 1979.*

William J. Scott, Attorney General, of Springfield, and Nolan Lipsky, State's Attorney, of Petersburg (Donald B. Mackay, Melbourne A. Noel, Jr., and Casimir J. Batnik, Assistant Attorneys General, of Chicago, and Robert C. Perry, of the State's Attorneys Appellate Service Commission, of counsel), for the People.

John E. Brosboll, of Petersburg, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendant, Gregory Fife, was found guilty of the unlawful delivery of more than 30 grams but less than 500 grams of a substance containing cannabis (Ill. Rev. Stat. 1975, ch. 56½, par. 705(d)) by a jury in the circuit court of Menard County. On its own motion, the appellate court remanded to the circuit court for an evidentiary hearing to determine whether defendant's court-appointed trial counsel had a conflict of interest. At the hearing, defendant's trial counsel testified she thought she had informed him that she was a special assistant Attorney General—limited to workmen's compensation cases—but defendant testified he did not learn of this until after he had been convicted and started serving his sentence. The record does not show what the circuit court decided on this question, but in oral argument before us, the Attorney General conceded there was no effective waiver by the defendant. The Appellate Court for the Fourth District reversed the conviction, reasoning there was a conflict of interest, and remanded for a new trial over a dissent (65 Ill. App. 3d 805). The appeal is before us on a certificate of importance issued by the appellate court (58 Ill. 2d R. 316).

At the time counsel here was appointed to represent the defendant, the Attorney General prohibited his staff

members from representing defendants in criminal cases. Subsequently, on July 1, 1978, this prohibition was significantly modified in section 5 of the Attorney General's internal code of conduct:

> "No part-time staff member, no Special Assistant Attorney General, and no firm of which such staff member or Special Assistant is a partner or associate may represent or defend any person other than the State of Illinois in any criminal action filed in any court of this State, except as permitted by paragraph (b) following.
>
> (b) The Attorney General or the Deputy Attorney General may, in his discretion, make specific exceptions to subparagraph (a) of this Section in unusual circumstances. Application for exceptions shall be made by the Special Assistant or part-time staff member in writing to the Attorney General. The writing shall state that the applicant believes that representation by applicant or by a member or associate of his firm of a particular person or of particular persons charged with a misdemeanor or felony (i) will not violate any provisions of this Code, other than Section 5; (ii) that the applicant has made disclosure in writing of the possible conflict of interest by reason of his employment by the Attorney General and obtained the client's written waiver thereof; and (iii) that the circumstances justify the exception together with the grounds for such belief. Action taken by the Attorney General on such application shall be taken promptly and shall be given in writing to the applicant. Any such application must be accompanied by a photocopy of the applicant's written disclosure to his client of a possible conflict of interest and by a photocopy of the client's written acknowledgment of receipt of the disclosure and his waiver of the conflict of interest."

The Attorney General argues that where he appoints a special assistant Attorney General who is limited to specified work such as here, where the attorney represented him in workmen's compensation cases involving State employees, no actual conflict of interest is created when that attorney represents a defendant in a criminal case. Accordingly, the Attorney General urges us not to

adopt a rule of *per se* violation in cases in which defense counsel are also special assistant attorneys general for specified noncriminal matters. Such a rule is not dictated, he believes, by this court's decisions in *People v. Coslet* (1977), 67 Ill. 2d 127, *People v. Kester* (1977), 66 Ill. 2d 162, *People v. Meyers* (1970), 46 Ill. 2d 149, and *People v. Stoval* (1968), 40 Ill. 2d 109. (These decisions established rules of conflict of interest, but none involved the Attorney General.) Moreover, such a rule of conflict of interest would cause hardship to the State in that it would be difficult to appoint attorneys special assistant attorneys general in less populated counties with few attorneys. The defendant, on the other hand, contends that the constitutionally mandated right to effective assistance of counsel requires an undivided loyalty to a defendant, such as would justify reversal of his conviction here. The defendant does not believe that counsel here was anything less than diligent, but he does posit the possibility of her susceptibility—or the susceptibility of any attorney in this situation—"to subtle influences which could be viewed as adversely affecting his ability to defend his client in an independent and vigorous manner." (*People v. Kester* (1977), 66 Ill. 2d 162, 167.) The defendant contends, then, that our adoption of a rule of *per se* conflict of interest, without necessitating a showing of actual prejudice, in this case is not only consistent with *Stoval, Meyers, Kester* and *Coslet,* but also dictated by them, no matter the hardship this may work on the ability of the Attorney General to carry out his duties throughout the State. Interestingly, not only are districts of the appellate court in conflict apropos of a rule of conflict of interest where defense counsel is affiliated with the Attorney General (*e.g., People v. Pendleton* (1st Dist. 1977), 52 Ill. App. 3d 241, *cert. denied* (1978), 435 U.S. 956, 55 L. Ed. 2d 809, 98 S. Ct. 1590, adopted the rule), but the fourth district is undecided: *People v. Cross* (1975), 30 Ill. App.

3d 199, adopted the rule which necessitates no showing of actual prejudice. Accord, *People v. Fife,* the instant case. Contra, *People v. Crawford Distributing Co.* (1978), 65 Ill. App. 3d 790, which overruled *Cross,* above, over a dissent; and *People v. Rogers* (1978), 64 Ill. App. 3d 290, with a dissent. *Cf. People v. Fuller* (1974), 21 Ill. App. 3d 437, with a dissent.

As this court noted in *People v. Stoval* (1968), 40 Ill. 2d 109, *Glasser v. United States* (1942), 315 U.S. 60, 69-70, 86 L. Ed. 680, 699, 62 S. Ct. 457, 464-65, determined that the "right to the effective assistance of counsel is a fundamental right and entitles the person represented to the undivided loyalty of counsel." (40 Ill. 2d 109, 111.) This is a right which demands indulging "every reasonable presumption against *** [its] waiver." (*Glasser v. United States* (1942), 315 U.S. 60, 70, 86 L. Ed. 680, 699, 62 S. Ct. 457, 465.) In *Stoval,* defense counsel was a member of a law firm whose clients were the burglarized jewelry store and its owner. This court reversed the conviction for burglary because effective " "*** representation is lacking *** if counsel, *unknown to the accused and without his knowledgeable assent,* is in a duplicitous position where his full talents *** are hobbled or fettered or restrained by commitments to others.' " (Emphasis added.) (*People v. Stoval* (1968), 40 Ill. 2d 109, 112.) *Stoval* adopted a rule of conflict of interest, "whereby allegations and proof of prejudice are unnecessary." (*People v. Coslet* (1977), 67 Ill. 2d 127, 133.) *Glasser* also figured significantly in the resolution of the conflict of interest in *Coslet.* In *Coslet,* the defendant, accused of murdering her husband, was represented by court-appointed counsel who also represented the administrator of the husband's estate. This court reversed the conviction for voluntary manslaughter because, regardless of actual prejudice, the attorney had to preserve the assets of the estate, and conviction of the defendant would have

enriched the estate since the defendant would then be barred from inheritance. *Coslet* endorsed the *Stoval* rule of *per se* conflict of interest essentially because the defendant could not be expected to know the "subtleties of the laws of descent and distribution" which gave rise to the conflict. (*People v. Coslet* (1977), 67 Ill. 2d 127, 135.) *Stoval's* rationale was also the basis for this court's decisions in *People v. Kester* (1977), 66 Ill. 2d 162 (a court-appointed assistant public defender had appeared earlier in the same proceeding as an assistant State's Attorney), and *People v. Meyers* (1970), 46 Ill. 2d 149, 150-51 (defense counsel was approached by the wife of defendant, who had been drinking in a tavern prior to the burglary of which he was accused, to inquire about a possible dramshop action against the tavern; her recovery might have depended on the "length of time she was deprived of his support by virtue of his imprisonment"). *Cf. People v. Franklin* (1979), 75 Ill. 2d 173; *People v. Vriner* (1978), 74 Ill. 2d 329; *People v. Berland* (1978), 74 Ill. 2d 286; *People v. Precup* (1978), 73 Ill. 2d 7.

On the basis of these cases and given our concern for the right to effective assistance of counsel, we hold that a conflict of interest exists where defense counsel is a special assistant Attorney General, even though limited to specified noncriminal work, *and* his client in a criminal case is inadequately informed of the affiliation with the Attorney General *and* fails to effect a knowing and intelligent waiver. In such circumstances, actual prejudice need not be shown. Accordingly, we affirm the appellate court here because the defendant did not waive the conflict of interest. We note that the Attorney General shares our concern about this issue and has amended his internal code of conduct to reflect that concern.

We are concerned about the possible, perhaps subliminal pressure a defense counsel who is also a special assistant for workmen's compensation cases might receive

from the Attorney General's office, but we believe that problem is nullified or significantly lessened by complete and effective disclosure, by effective, knowledgeable waiver, and by the fact that special assistants are engaged in duties of a noncriminal nature and of specifically defined scope, wholly unrelated to their private employment. See Professional Ethics Opinion No. 335, 59 Ill. B.J. 333 (1970), and No. 374, 60 Ill. B.J. 664 (1972).

Finally, there is no question that our holding is applicable to those cases in which a member of the same law firm has an affiliation with the Attorney General while another member represents a criminal defendant. See *People v. Stoval* (1968), 40 Ill. 2d 109. *Cf. Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 237-38.

Although we give defendant here the benefit of today's decision, we believe it should be only prospectively applied to cases involving prosecution for offenses occurring subsequent to the filing of this opinion. This may appear to be harsh to other similarly situated defendants but our rationale is the same as stated in *Stovall v. Denno* (1967), 388 U.S. 293, 301, 18 L. Ed. 2d 1199, 1206, 87 S. Ct. 1967, 1972, and as quoted in our opinion in *Silver Manufacturing Co. v. General Box Co.* (1979), 76 Ill. 2d 413, 417-18:

"Sound policies of decision-making, rooted in the command of Article III of the Constitution that we resolve issues solely in concrete cases or controversies, and in the possible effect upon the incentive of counsel to advance contentions requiring a change in the law, militate against denying Wade and Gilbert the benefit of today's decisions. Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue. But we

regard the fact that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision-making."

For the reasons above, we affirm the appellate court but with the qualification stated above.

*Judgment affirmed.*