THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS W. LEWIS, Defendant-Appellant.

Fourth District No. 15158

Opinion filed July 11, 1979.

Glenn O. Fuller, of Fuller, Hopp and Barr, P. C., of Decatur, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (William L. Wheeler, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

On August 31, 1973, following jury trial, defendant was found guilty of murder, armed robbery, theft of property having a value in excess of $150, and arson. He was sentenced to a term of 40 to 120 years'

imprisonment. On direct appeal, this court affirmed defendant's convictions for murder, theft, and arson but reversed his conviction of armed robbery in *People v. Lewis* (1976), 37 Ill. App. 3d 870, 346 N.E.2d 377.

On May 4, 1978, defendant filed a post-conviction petition alleging that his convictions were the result of a substantial denial of his constitutional rights. Thereafter, defendant's court appointed counsel filed an amended petition containing the allegation that defendant's trial counsel, Public Defender Ronald Carpel, was at the time of trial associated with Warren A. Sappington who was then special assistant Attorney General representing the State of Illinois Department of Mental Health, which constituted a conflict of interest. The amended petition contained no allegation as to when the defendant first learned of the alleged conflict of interest, or whether there had been a waiver of the alleged conflict by the defendant at or before the time of trial. Following a hearing on September 11, 1978, the trial judge granted the State's motion to dismiss the amended petition. Defendant now appeals contending that his convictions must be reversed because the affiliation of his trial counsel with an assistant Attorney General is a *per se* conflict of interest.

Although the subject of great debate among the members of this court, this issue has been recently decided by our supreme court in *People v. Fife* (1979), 76 Ill. 2d 418, 392 N.E.2d 1345, which affirmed this court with qualifications (65 Ill. App. 3d 805, 382 N.E.2d 1234). The supreme court in *Fife* held that "a conflict of interest exists where defense counsel is a special assistant Attorney General, even though limited to specified noncriminal work, *and* his client in a criminal case is inadequately informed of the affiliation with the Attorney General *and* fails to effect a knowing and intelligent waiver. In such circumstances, actual prejudice need not be shown." (76 Ill. 2d 418, 424.) The court further stated:

> "Finally, there is no question that our holding is applicable to those cases in which a member of the same law firm has an affiliation with the Attorney General while another member represents a criminal defendant. See *People v. Stoval* (1968), 40 Ill. 2d 109. Cf. *Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 237-38.
>
> Although we give defendant here the benefit of today's decision, we believe it should be only prospectively applied to cases involving prosecution for offenses, occurring subsequent to the filing of this opinion." 76 Ill. 2d 418, 425.

Accordingly, we must affirm the dismissal of defendant's amended post-conviction petition.

Affirmed.

CRAVEN and GREEN, JJ., concur.