WILLIAM F. MILLER, Plaintiff-Appellant, v. NORFOLK & WESTERN RAILWAY COMPANY, Defendant and Third–Party Plaintiff-Appellee (The Village of Forrest, Defendant-Appellee).

Fourth District    No. 4—88—0805

Opinion filed May 11, 1989.

262

Gordon M. Kinate, of Kinate & Morgan, of Fairbury, and Wayne O. Smith, of Dilks, Rodeen & Gibson, Ltd., of Paxton, for appellant.

Robert P. Follmer, of Pontiac, for appellee Norfolk & Western Railway Company.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

This is an interlocutory appeal by plaintiff William F. Miller, pursuant to Supreme Court Rule 308. (107 Ill. 2d R. 308.) The issues certified on appeal are: (1) whether the Village of Forrest (Village), a municipal corporation, may waive any conflicts of interest in this case; and (2) whether counsel for the plaintiff, Kinate & Morgan, are disqualified from representing the plaintiff despite a knowing waiver of any conflict of interest by plaintiff and the Village as third-party defendant. The trial court disqualified plaintiff's counsel because of their prior representation of the Village in a suit against Norfolk which involved issues similar to those presented in this case. Plaintiff

contends the trial court erred in disqualifying his counsel where valid waivers were executed by all interested parties pursuant to Rule 5—105(c) of the Illinois Code of Professional Responsibility (the Code) (107 Ill. 2d R. 5—105(c)). We agree and reverse.

Plaintiff William F. Miller filed an action on July 3, 1985, against Norfolk & Western Railway Company (Norfolk) seeking money damages for the damage to his property which resulted from flooding in the Village on March 28, 1985. On August 30, 1985, Norfolk answered plaintiff's complaint and denied liability. On November 15, 1985, Norfolk filed a third-party complaint for contribution against the Village, alleging structures maintained by the Village caused plaintiff's damages. An appearance for the Village was filed on December 18, 1985, by a law firm in Bloomington. Kinate & Morgan have not and do not represent the Village in this proceeding.

Prior to the filing of the instant action, Kinate & Morgan represented the Village in a suit filed in 1984 against Norfolk (1984 suit). The 1984 suit involved the same structure owned by Norfolk and alleged in this action to have caused plaintiff's damages. The trial court found for the Village in the 1984 suit and that order was affirmed on appeal to this court. *Village of Forrest v. Norfolk & Western Ry. Co.* (1986), 146 Ill. App. 3d 20, 496 N.E.2d 257.

In the instant case, on March 3, 1988, the Village filed a motion to dismiss the third-party complaint. The Village alleged the 1984 suit was *res judicata* to all issues raised in the third-party complaint. On December 29, 1986, the trial court dismissed Norfolk's complaint with prejudice; that order was reversed on appeal to this court. (*Miller v. Norfolk & Western R.R.* (1987), 157 Ill. App. 3d 1161 (unpublished order under Supreme Court Rule 23).) This court found that *res judicata* was no bar to Norfolk's third-party complaint for contribution in the instant action.

At a pretrial hearing on October 1, 1987, the court *sua sponte* raised the issue of conflict of interest for Kinate & Morgan to represent plaintiff in this case while the firm currently represents the Village as the village attorney. The docket sheet in the record indicates that Norfolk's attorney then stated he would file a motion requesting removal of Kinate & Morgan.

On April 20, 1988, another pretrial hearing was held. The court heard the arguments of counsel and considered a letter addressed to the trial judge from attorney Gerald Rodeen, independent counsel engaged by the plaintiff to advise the plaintiff on the conflict of interest issue. In his letter, attorney Rodeen reported that after being fully advised of any potential conflicts, plaintiff waived any conflict as did the

Village. Counsel for the Village also advised the court that the Village and its insurance carrier waived any conflict of interest.

The court found that the Village could not, on behalf of the public, waive any conflict of interest in the case. The court's order indicates that Kinate & Morgan recognized a potential conflict of interest in the case. The court further found that representation of plaintiff by Kinate & Morgan violated Canons 4, 5, and 9 of the Code. (107 Ill. 2d Canon 4, Canon 5, Canon 9.) This order was later amended to include the necessary language for an interlocutory appeal under Rule 308. 107 Ill. 2d R. 308.

Plaintiff contends that whether or not there is any conflict of interest in this case, he and the Village have waived any conflict and, therefore, the disqualification order should be reversed. While plaintiff does not admit to any actual conflict of interest in the case, plaintiff argues that the waivers operate to negate any conflict which may be present. Plaintiff also states that the trial court's finding that the Village could not waive any conflict is not supported by the case law.

Plaintiff maintains that he has an important interest in having the attorneys he chose represent him in this matter. Further, plaintiff argues prejudice because this case is not in the beginning stages but is nearly ready for trial after two years of preparation by Kinate & Morgan. Plaintiff contends that Norfolk has no standing to object to the representation of plaintiff by Kinate & Morgan and its third-party suit against the Village is Norfolk's attempt to "direct the theory" of plaintiff's case. Plaintiff asserts that he does not intend to claim the Village is liable for the flooding.

Norfolk argues that the Village cannot, as a public entity, waive any conflicts of interest and cites to *In re LaPinska* (1978), 72 Ill. 2d 461, 381 N.E.2d 700, as authority. Norfolk also urges the conflict in this case between plaintiff and the Village is obvious, given that the 1984 suit involved the same issues. Now, according to Norfolk, plaintiff and the Village are adverse to each other, and because the Village is a former (and present in other matters) client of Kinate & Morgan, the firm is obligated to preserve Village confidences under Canon 4. Moreover, Norfolk urges there is an appearance of impropriety in this case and, therefore, the disqualification order should be affirmed.

Canons 4, 5, and 9 of the Code are implicated in matters involving conflicts of interest. Canon 4 provides:

"A lawyer should preserve the confidences and secrets of a client." (107 Ill. 2d Canon 4.)

Canon 5 provides:

"A lawyer should exercise independent professional judgment

on behalf of a client." (107 Ill. 2d Canon 5.)

Canon 9 provides:

"A lawyer should avoid even the appearance of professional impropriety." (107 Ill. 2d Canon 9.)

Where a lawyer represents two clients whose interests are or may be adverse to each other, the lawyer's duties under Canons 4 and 5 necessarily conflict. However, Rule 5—105(c) of the Code (107 Ill. 2d R. 5—105(c)) allows such multiple representation but within strict guidelines. Rules 5—105(b) and 5—105(c) spell out a lawyer's obligations:

"(b) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under Rule 5—105(c).

(c) In the situations covered by Rules 5—105(a) and (b), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible affect of such representation on the exercise of his independent professional judgment on behalf of each." 107 Ill. 2d Rules 5—105(b), (c).

■■ Rule 5—105(c) establishes a two-prong test to be applied in determining whether a lawyer may represent multiple clients. He may only if "it is obvious that he can adequately represent the interests of each *and* each consents to the representation after full disclosure."

■■ We first address the issue of whether conflicts of interest can be waived under Rule 5—105(c) by a public entity on behalf of the public. The Illinois Supreme Court in *In re LaPinska* (1978), 72 Ill. 2d 461, 381 N.E.2d 700, held that a city attorney may not represent both a governmental body and a private client, even if full disclosure is made and the parties consent to such dual representation. The *LaPinska* court relied upon a decision of the New Jersey Supreme Court, *In re A. & B.* (1965), 44 N.J. 331, 209 A.2d 101, where a city attorney sought to represent the interests of land developers with projects scheduled to be brought before city officials. The court in *A. & B.* held such dual representation was improper.

Norfolk urges this court that *LaPinska* controls this issue and we must, therefore, find the Village's waiver is ineffective and affirm the trial court. We disagree and find *LaPinska* distinguishable from the case presented here. Moreover, we hold there is no *per se* rule prohibiting a public entity from waiving conflicts of interest under Rule 5—105(c).

Unlike *LaPinska* and the New Jersey case it relied upon, plaintiff's attorneys in the case before us are not employed as city attorneys and, therefore, are not public officials within the village's governmental structure. They are privately retained to represent the Village on various legal matters. Unlike the *LaPinska* case, Kinate & Morgan's influence or relationship with the Village officials is not being sought or used by the plaintiff for his own private benefit.

In our view, the obvious impropriety intended to be avoided where the public interest is involved is that present in those cases where city officials are acting as private counsel for persons with business before the city. We believe such circumstances would require the disqualification of a city official and no waiver could cure even the most tenuous conflict of interest. Such a situation is not present in this case.

We find further support for our conclusion in *A. & B.* There, the New Jersey Supreme Court stated:

"We do not suggest *** that an attorney for a municipality may not represent individuals or interests located therein merely because it may come to pass that a private client will have some transaction with the municipality.

Nonetheless the subject of land development is one in which the likelihood of transactions with a municipality and the room for public misunderstanding are so great that a member of the bar should not represent a developer operating in a municipality in which the member of the bar is the municipal attorney *or the holder of any other municipal office of apparent influence.*" (Emphasis added.) *A. & B.*, 44 N.J. at 334, 209 A.2d at 103.

We note also that the Committee on Professional Responsibility (Committee) of the Illinois State Bar Association (ISBA) has recently considered this issue, and we agree with the Committee's reasoning as expressed in ISBA opinion 86—4. There, a law firm whose members frequently acted as special assistant State's Attorneys in juvenile matters sought advice on whether the firm could act as criminal defense counsel in nonjuvenile cases within the same county after obtaining the consent of all parties. After considering *LaPinska*, the Committee concluded that a *per se* rule against allowing a consent by a public entity was not compelled by the relevant case law nor required to achieve the purposes of the Code. The Committee relied in part on an earlier decision of the supreme court in *People v. Fife* (1979), 76 Ill. 2d 418, 392 N.E.2d 1345.

In *Fife*, the defendant's trial counsel was employed as special assistant attorney general in workers' compensation cases. The defend-

ant was not informed of this position of his counsel until after he was convicted and sentenced on the offense charged, and thus, he did not execute a waiver. The court held that defendant did not receive effective assistance of counsel because of the conflict *and* the fact that he was not informed of the conflict *and* did not effect a knowing and intelligent waiver. The court also stated:

> "We are concerned about the possible, perhaps subliminal pressure a defense counsel who is also a special assistant for workmen's compensation cases might receive from the Attorney General's office, but we believe that problem is nullified or significantly lessened by complete and effective disclosure, [and] by effective, knowledgeable waiver ***." *Fife*, 76 Ill. 2d at 424-25, 392 N.E.2d at 1348.

As to the first issue, we conclude that the Village could properly execute a waiver pursuant to Rule 5—105(c).

We next address whether, despite valid waivers of any conflicts of interest found in this case, plaintiff's counsel are disqualified from representing the plaintiff. Under Rule 5—105(c), a waiver will not prevent disqualification of counsel if it remains uncertain whether the attorney can adequately represent the interests of both clients. Similarly, under Canon 9, if dual representation with knowing waivers results in the appearance of impropriety, the attorney will be disqualified.

Norfolk argues the appearance of impropriety in this case is obvious and therefore required the disqualification of plaintiff's counsel. Plaintiff contends Norfolk's third-party action in this case is its attempt to direct the theory of plaintiff's case. Neither Norfolk nor plaintiff provides us with authority for their arguments.

■ The courts have recognized that motions for disqualification of counsel are often used as a tactical weapon in litigation for purposes of harassment and, therefore, such motions have been viewed with caution. (*Freeman v. Chicago Musical Instrument Co.* (7th Cir. 1982), 689 F.2d 715, 721-22; *Hannan v. Watt* (1986), 147 Ill. App. 3d 456, 461, 497 N.E.2d 1307, 1311.) In a recent case, *Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 505 N.E.2d 694, the court stated that where counsel for the plaintiff and third-party defendant received the consent of both parties to dual representation, counsel satisfied his duty under Rule 5—105(c) and disqualification was not required.

■ In the case presented, we find the disqualification of plaintiff's counsel was in error. Initially, we note there was no finding of an *actual* conflict in this case. In its brief, Norfolk posits various conflicts which *may* arise. In *Clay v. Doherty* (N.D. Ill. 1985), 608 F.

Supp. 295, the district court stated:

"Vague and general inconsistencies of position giving rise to hypothetical conflicts in the mind of an opposing party will not justify so drastic a measure as disqualification." (*Clay*, 608 F. Supp. at 303.)

Second, the Village and the plaintiff were advised by outside counsel on the potential conflicts of interest in this case before the waivers were executed. The trial court found the waivers were knowingly entered. No issue on this finding is before this court. Third, plaintiff and the Village, represented by separate counsel in this action, are now potential adversaries only because of Norfolk's third-party action. Under the circumstances, we conclude the interests of both plaintiff and the Village are adequately protected and, therefore, the disqualification of Kinate & Morgan is reversed.

Plaintiff and Norfolk argue additional issues not certified in this appeal and therefore, we do not address these issues. *Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 510 N.E.2d 409.

For the foregoing reasons, we reverse the order of the trial court disqualifying plaintiff's counsel.

Reversed.

KNECHT and SPITZ, JJ., concur.