THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT SANDERS, Defendant-Appellant.

Third District   No. 3—96—0127

Opinion filed February 13, 1998.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Robert Sanders was convicted of armed violence, unlawful possession of a controlled substance (cocaine), unlawful possession of cannabis, unlawful use of a weapon and unlawful possession of a firearm without a firearm owner's identification card (720 ILCS 5/33A—2, 570/402(c), 550/4(a), 5/24—1(a)(4) (West 1992); 430 ILCS 65/2 (West 1992)). He was subsequently sentenced to six years' imprisonment. Defendant appeals, claiming a conflict of interest arose when the initial attorney assigned to his case, a public defender, was later appointed State's Attorney. We affirm.

## FACTS

Defendant was arrested on October 6, 1993; he first appeared in court *pro se* on October 7. The court set bail, appointed the public defender to represent defendant and set the cause for arraignment. On October 12, public defender William O. Schmidt assigned the case to his assistant, Michael J. Kick. At the arraignment on October 26, a private attorney, Sherri Carr, entered her appearance. Kick did not appear, and the office of the public defender was discharged. The State served its first discovery on attorney Carr.

On March 17, 1994, another private attorney, Leonard Sacks, substituted for Carr. Sacks continued to represent defendant throughout the remainder of the trial court proceedings. Defendant was convicted on all counts on January 5, 1996.

In the meantime, on September 1, 1995, Kick became Kankakee County State's Attorney. As of October 2, 1995, notices and pleadings from the prosecutor's office had Kick's name listed as State's At-

torney. Nevertheless, the record shows that Assistant State's Attorney John Kezdy was the sole member of the State's Attorney's office prosecuting the case after June 20, 1995.

## DISCUSSION AND ANALYSIS

On appeal, defendant argues that Kick's roles as State's Attorney and defense counsel in the same case created a *per se* conflict of interest and rendered defendant's trial unfair. We disagree.

### 1. Conflicts of Interest

■ A brief overview of applicable law is necessary to our analysis. In *People v. Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30 (1988), our supreme court explained the differences between *per se* conflicts of interest and actual conflicts.

### a. *Per Se* Conflicts

A *per se* conflict arises when defense counsel has some tie to a person or entity that would benefit from a verdict unfavorable to the defendant. *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30. Our supreme court has determined that a conflict is *per se* disabling when counsel has had a prior or contemporaneous association with the prosecution or the victim. See, *e.g.*, *People v. Washington*, 101 Ill. 2d 104, 461 N.E.2d 393 (1984) (defense counsel simultaneously represented municipality where defendant was prosecuted); *People v. Fife*, 76 Ill. 2d 418, 392 N.E.2d 1345 (1979) (defense counsel simultaneously served as part-time assistant Attorney General representing State); *People v. Coslet*, 67 Ill. 2d 127, 364 N.E.2d 67 (1977) (defense counsel simultaneously represented administrator of victim's estate); *People v. Kester*, 66 Ill. 2d 162, 361 N.E.2d 569 (1977) (defense counsel formerly appeared as assistant State's Attorney in defendant's case); *People v. Stoval*, 40 Ill. 2d 109, 239 N.E.2d 441 (1968) (defense counsel's firm simultaneously represented defendant and burglary victim).

When a *per se* conflict exists, a defendant may expressly waive his attorney's conflict. However, he is not deemed to have waived the issue by his silence at trial. See *Fife*, 76 Ill. 2d 418, 392 N.E.2d 1345. Prejudice is presumed, and the defendant need not show that his attorney's performance was in any way affected by the conflict in order to obtain a reversal of his conviction. *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30.

### b. Actual Conflicts

■ In cases involving "actual" conflicts of interest that are not *per se* disabling, either the conflict must be timely brought to the attention of the trial court or, on appeal, defendant must show actual prejudice. See, *e.g.*, *Spreitzer*, 123 Ill. 2d at 18 (relief denied where for-

mer assistant State's Attorney's appointment as public defender during prosecution of defendant's case was not brought to trial court's attention and no prejudice was shown); *People v. Price*, 196 Ill. App. 3d 321, 553 N.E.2d 760 (1990) (retrial denied where defendant waited until after sentencing to inform trial court that newly elected State's Attorney appeared once on defendant's behalf as assistant public defender and failed to show prejudice on appeal); see also *People v. Hernandez*, 246 Ill. App. 3d 243, 615 N.E.2d 843 (1993). Where a timely objection is raised in the trial court, the court is required to replace the conflicted attorney or obtain the defendant's express waiver of the conflict if there is even an *appearance* of impropriety. See, *e.g.*, *People v. Courtney*, 288 Ill. App. 3d 1025, 687 N.E.2d 521 (1997). If the issue is not raised at trial, it is deemed waived.

If the actual conflict is waived at trial, then, in order to obtain reversal on appeal, the defendant must demonstrate that there was prejudice at trial, *i.e.*, special circumstances engendering an actual conflict adversely affecting the defendant's right to a fair trial. *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30. Prejudice is shown if there is a possibility that a defendant's former counsel divulged or used confidential information in the prosecution of the defendant's case. See *People v. Price*, 196 Ill. App. 3d 321, 553 N.E.2d 760 (1990); see also *Courtney*, 288 Ill. App. 3d 1025, 687 N.E.2d 521.

## 2. Kick's Alleged Conflict of Interest

■ The conflict in this case was not *per se*; Kick held the position as State's Attorney neither prior to nor contemporaneously with his defense of the cause. See *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30. Further, prior to this appeal, defendant neither indicated that a conflict of interest existed nor requested that a special prosecutor be appointed. In this respect, the alleged conflict is distinguishable from that presented in *Courtney*.

In *Courtney*, Kick actively represented the defendant before he was appointed State's Attorney and his conflict of interest was raised repeatedly in the trial court. Although the State initially advised the court that an assistant Attorney General would take over prosecution of the case, it was ultimately handled by Kick's office. Under these circumstances, we ruled that no further evidence of prejudice was required to entitle defendant to a new trial with a special prosecutor. *Courtney*, 288 Ill. App. 3d at 1034, 687 N.E.2d at 527.

Unlike *Courtney*, Kick's conflict in this case was never brought to the court's attention. Therefore, we review the cause only to determine whether Kick's roles in the case constituted an actual conflict that prejudiced defendant's right to a fair trial. See *Price*, 196

Ill. App. 3d 321, 553 N.E.2d 760; *Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30. Defendant does not argue actual prejudice, and the record discloses none. During Kick's brief assignment as counsel of record prior to being appointed State's Attorney, he never appeared on defendant's behalf. There is no indication that any information was exchanged between defendant and Kick or between private defense counsel and Kick. Nor does it appear that Kick was actively involved with the case after his appointment as State's Attorney. Kick's initial nominal involvement as defense counsel and subsequent supervisory position relative to the assistant State's Attorney prosecuting the case does not, without more, warrant a finding that defendant was deprived of a fair trial. See *Price*, 196 Ill. App. 3d 321, 553 N.E.2d 760. Accordingly, we hold that defendant was not prejudiced, and we deny his request for a new trial.

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.