No. 3--96--0127

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 1998

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 21st Judicial Circuit,

       )  Kankakee County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 93--CF--688

  )

ROBERT SANDERS,                 )  Honorable

  )  Daniel W. Gould,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:               

________________________________________________________________

Defendant Robert Sanders was convicted of armed violence, unlawful possession of a controlled substance (cocaine), unlawful possession of cannabis, unlawful use of a weapon and unlawful possession of a firearm without a firearm owner's identification card (720 ILCS 5/33A--2, 570/402(c), 550/4(a) and 5/24--1(a)(4), 430 ILCS 65/2 (West 1992)).  He was subsequently sentenced to six years' imprisonment.  Defendant appeals, 
citing a conflict of interest arose when the initial attorney assigned to his case, a public defender, was later appointed State's Attorney.  We affirm.

FACTS

Defendant was arrested on October 6, 1993
; he first appeared in court 
pro
 
se
 on October 7.  The court set bail, appointed the public defender to represent defendant and set the cause for arraignment.  On October 12, Public Defender William O. Schmidt assigned the case to 
his assistant
, Michael J. Kick.  At 
the arraignment on October 26, 
a private attorney
, Sherri Carr
, entered her appearance.  Kick did not appear, and the office of the public defender was discharged.  The State served its first discovery on attorney Carr.

On March 17, 1994, another private attorney, Leonard Sacks, substituted for Carr.  Sacks continued to represent defendant throughout the remainder of the trial court proceedings.  Defendant was 
convicted on 
all counts on January 5, 1996.

In the meantime, 
on September 1, 1995, Kick 
became Kankakee County State's Attorney.  
As of October 2, 1995, notices and pleadings from the prosecutor's office had Kick's name 
listed as State's Attorney.  
Nevertheless, the record shows that Assistant State's Attorney John Kezdy was the sole member of the State's Attorney's office prosecuting the case after June 20, 1995. 

DISCUSSION AND ANALYSIS

On appeal, defendant argues that Kick's roles as State's Attorney and defense counsel in the same case created a 
per
 
se
 conflict of interest and rendered defendant's trial unfair.  We disagree.

1.  Conflicts of Interest

A brief overview of applicable law is necessary to our analysis.  In 
People v. Spreitzer
, 123 Ill. 2d 1, 525 N.E.2d 30 (1988), our supreme court explained the differences between 
per
 
se
 conflicts of interest and actual conflicts.

a.  
Per
 
Se
 Conflicts

A 
per
 
se
 conflict arises when defense counsel has some tie to a person or entity which would benefit from a verdict unfavorable to the defendant.  
Spreitzer
, 123 Ill. 2d 1, 525 N.E.2d 30.  
Our supreme court has determined that 
a conflict was 
per
 
se
 disabling 
when counsel has had a prior or contemporaneous association with the prosecution or the victim.  See, 
e.g.
, 
People v. Washington
, 101 Ill. 2d 104, 461 N.E.2d 393 (1984) 
(defense counsel simultaneously represented municipality where defendant was prosecuted); 
People v. Fife
, 76 Ill. 2d 418, 392 N.E.2d 1345 (1979) 
(defense counsel simultaneously served as part-time assistant Attorney General representing State); 
People v. Coslet
, 67 Ill. 2d 127, 364 N.E.2d 67 (1977) 
(defense counsel simultaneously represented administrator of victim's estate); 
People v. Kester
, 66 Ill. 2d 162, 361 N.E.2d 569 (1977) 
(defense counsel formerly appeared as assistant State's Attorney in defendant's case); 
People v. Stoval
, 40 Ill. 2d 109, 239 N.E.2d 441 (1968) 
(defense counsel's firm simultaneously represented defendant and burglary victim).  

When a 
per
 
se
 conflict exists, a defendant may expressly waive his attorney's conflict.  However, he is not deemed to have waived the issue by his silence at trial.  See 
Fife
, 76 Ill. 2d 418, 392 N.E.2d 1345.  Prejudice is presumed, and the defendant need not show that his attorney's performance was in any way affected by the conflict in order to obtain a reversal of his conviction.  
Spreitzer
, 123 Ill. 2d 1, 525 N.E.2d 30.

b.  Actual Conflicts

In cases involving "actual" conflicts of interest which are not 
per
 
se
 disabling, 
either the conflict must 
be timely brought to the attention of the trial court
, or, on appeal, defendant must show actual prejudice.  
See, 
e.g.
, 
Spreitzer
, 123 Ill. 2d 1, 18, 525 N.E.2d 30, ___ (relief denied where former assistant State's Attorney's appointment as public defender during prosecution of defendant's case was not brought to trial court's attention and no prejudice was shown); 
People v. Price
, 196 Ill. App. 3d 321, 553 N.E.2d 760 (1990) (retrial denied where defendant waited until after sentencing to inform trial court that newly elected State's Attorney appeared once on defendant's behalf as assistant public defender and failed to show prejudice on appeal); see also 
People v. Hernandez
, 246 Ill. App. 3d 243, 615 N.E.2d 843 (1993).  Where a timely objection is raised in the trial court, the court is required to replace the conflicted attorney or obtain the defendant's express waiver of the conflict if there is even an 
appearance
 of impropriety.  See, 
e.g.
, 
People v. Courtney
, 288 Ill. App. 3d 1025, 687 N.E.2d 521 (1997).  If the issue is not raised at trial, 
it is 
deemed waived. 

If the actual conflict is waived at trial, then, in order to obtain reversal 
on appeal, the defendant 
must demonstrate 
that
 
there was prejudice 
at trial: 
i.e.
, special circumstances engendering an actual conflict adversely affecting the defendant's right to a fair trial.  
Spreitzer
, 123 Ill. 2d 1, 525 N.E.2d 30.  Prejudice is shown if there is a possibility that a 
defendant's former counsel divulged or used confidential information in the prosecution of the defendant's case.  See 
People v. Price
, 196 Ill. App. 3d 321, 553 N.E.2d 760 (1990); see also 
Courtney
, 288 Ill. App. 3d 1025, 
687 N.E.2d 
521.

 2.  Kick's Alleged Conflict of Interest 

The conflict in this case was not 
per
 
se
; Kick's position as State's Attorney was neither prior to nor contemporaneous with his defense of the cause.  See 
Spreitzer
, 123 Ill. 2d 1, 525 N.E.2d 30.  Further, prior to this appeal, defendant neither indicated that a conflict of interest existed nor requested that a special prosecutor be appointed.  
In this respect, the alleged conflict is distinguishable from that presented in 
Courtney
.

In 
Courtney
, Kick actively represented the defendant before he was appointed State's Attorney and his conflict of interest was raised repeatedly in the trial court.  Although the State initially advised the court that an assistant Attorney General would take over prosecution of the case, it was ultimately handled by Kick's office.  Under these circumstances, we ruled that no further evidence of prejudice was required to entitle defendant to a new trial with a special prosecutor.  
Courtney
, 288 Ill. App. 3d at 1034, 687 N.E.2d at 527.

Unlike 
Courtney
, Kick's conflict in this case was never brought to the court's attention.  Therefore, we 
review the cause only to determine whether Kick's roles in the case constituted an actual conflict which prejudiced defendant's right to a fair trial.  See 
Price
, 196 Ill. App. 3d 321, 553 N.E.2d 760; 
Spreitzer
, 123 Ill. 2d 1, 525 N.E.2d 30.  Defendant does not argue actual prejudice, and the record discloses 
none.  During Kick's brief assignment as counsel of record prior to being appointed State's Attorney, he never appeared on defendant's behalf.  There is no indication that any information was exchanged between defendant and Kick or between private defense counsel and Kick.  Nor it does it appear that Kick was actively involved with the case after his appointment as State's Attorney.  Kick's initial nominal involvement as defense counsel and subsequent supervisory position 
relative to the assistant State's Attorney 
prosecuting the case does not, without more, warrant a finding that defendant was deprived of a fair trial.  See 
Price
, 196 Ill. App. 3d 321, 553 N.E.2d 760.  Accordingly, we hold that defendant was not prejudiced
, and we deny his request for a new trial.

CONCLUSION

For the reasons stated, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.